**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000415
17-JUN-2026
08:27 AM
Dkt. 78 SO**

NO. CAAP-24-0000415

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BANK OF AMERICA, N.A., Plaintiff-Appellee,
v.
JOHN NICHOLAS MIN, JR.; LISA SUNABE MIN,
Defendants-Appellants, and
BANK OF HAWAII; DIRECTOR, DEPARTMENT OF TAXATION,
STATE OF HAWAI'I; OCEAN POINTE RESIDENTIAL COMMUNITY
ASSOCIATION, INC.; KE 'AINA KAI COMMUNITY ASSOCIATION, INC.,
Defendants-Appellees, and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and
DOE GOVERNMENTAL UNITS 1-10, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC171000930)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Wadsworth and McCullen, JJ.)

Defendants-Appellants John Nicholas Min, Jr., and Lisa Sunabe Min (**the Mins**) appeal from the Circuit Court of the First Circuit's May 14, 2024 "Findings of Fact [(**FOF**)], Conclusions of Law [(**COL**)] and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on

Complaint Filed June 9, 2017" (**Summary Judgment Order**) and May 14, 2024 Judgment.[1]

On appeal, the Mins challenge the granting of summary judgment and, to that end, the Mins challenge FOFs 1 and 5 and COL 2.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

**(1)** The Mins contend the circuit court erred in granting Plaintiff-Appellee Bank of America, N.A.'s (**BANA**) motion for summary judgment because BANA failed to establish standing to enforce the Mins' note (**Note**).

We review the grant or denial of summary judgment de novo. Nationstar Mortg. LLC v. Kanahele, 144 Hawaiʻi 394, 401, 443 P.3d 86, 93 (2019).

To establish standing, "a foreclosing plaintiff must establish entitlement to enforce the note at the time the action was commenced." Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 368, 390 P.3d 1248, 1255 (2017). When a note is indorsed in blank, it "becomes payable to bearer and may be negotiated by transfer or possession alone." Id. at 370, 390 P.3d at 1257

---

[1] The Honorable Lisa W. Cataldo presided.

(citing Hawaiʻi Revised Statutes (**HRS**) § 490:3-205(b) (2008)). Thus, a plaintiff seeking to foreclose on a mortgage secured by a blank-indorsed note must establish it held the note at the time it filed the complaint. Id.

Here, BANA attached to its motion for summary judgment a declaration from Tramelle Martise Thomas (**Thomas**), a BANA assistant vice president; a declaration of Maria S. Garner (**Garner**), a BANA senior operations project consultant and former custodian of records for ReconTrust Company, N.A. (**ReconTrust**); and records from BANA and ReconTrust. In combination, the Garner and Thomas declarations state that BANA's document custodian, ReconTrust, had physical possession of the original Note, indorsed in blank, in its Texas vault on the June 9, 2017 complaint filing date.

The Mins, however, challenge the admissibility of BANA's business records based on supposed contradictions in them. They point to an entry on a loan routing history attached as Exhibit 14 to the motion for summary judgment showing the original Note was shipped from Wells Fargo Bank to BANA on October 6, 2017, and conclude that the Note could have left BANA's or ReconTrust's possession sometime between March 16, 2016, and when BANA filed the June 9, 2017 complaint. However, according to the Garner declaration, Exhibit 18, a log from ReconTrust's emBTRUST collateral tracking system, shows that the

Note was held on behalf of BANA from March 25, 2016, to August 24, 2017.

The Mins also argue that a business record submitted in support of BANA's first summary judgment motion shows the Note was with an "[u]nknown" custodian one week before BANA filed suit. However, the relevant entry for that business record refers to "Foreclosure" document(s) located with BANA's foreclosure counsel and not to the Note.

The Mins further argue that BANA failed to prove ReconTrust was an operating subsidiary of BANA in 2017. The Mins did not present this argument below, and therefore this argument is waived. Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal.").

In sum, BANA satisfied its initial burden on summary judgment. See French v. Hawaii Pizza Hut, Inc., 105 Hawaiʻi 462, 470, 99 P.3d 1046, 1054 (2004). Thomas and Garner were qualified to authenticate BANA's and ReconTrust's business records, respectively, and laid adequate foundations for the circuit court to admit the records under Hawaiʻi Rules of Evidence (**HRE**) Rule 803(b)(6). The Garner declaration further satisfies the foundational requirements for ReconTrust's data pertaining to the Mins' loan to the extent those documents have

been incorporated into BANA's business records. See HRE Rule 803(b)(6). As a ReconTrust employee at the time BANA filed the complaint, and as custodian of documents for ReconTrust, Garner was present at the creation of the documents to which she attests - a strong indication of trustworthiness. See id.

The Mins failed to counter "with evidence setting forth 'specific facts showing that there is a genuine issue' as to whether the plaintiff actually possessed the subject note at the time it filed suit." U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Verhagen, 149 Hawaiʻi 315, 328, 489 P.3d 419, 432 (2021) (quoting Hawaiʻi Rules of Civil Procedure Rule 56(e)).

**(2)** Based on their contention that the circuit court erred in granting summary judgment, the Mins challenge the following FOFs and COL:

> **FOF 1:** "Plaintiff is now and has been at all times since before the filing of the Complaint herein on June 9, 2017[,] the holder in possession of the Note and is entitled to enforce it pursuant to HRS § 490:3-301."

> **FOF 5:** "By reason of the above facts, Plaintiff is entitled to the foreclosure of the Mortgage and to the sale of the property."

> COL 2: "Plaintiff has established its standing to enforce the Note as required by [Reyes-Toledo] and thereby to prosecute this foreclosure action."

As discussed above, BANA established standing to bring its foreclosure action and, thus, the circuit court did not clearly err in making the challenged FOFs and COL.

Based on the foregoing, we affirm the circuit court's May 14, 2024 Summary Judgment Order and Judgment.

DATED:  Honolulu, Hawaiʻi, June 17, 2026.

| | |
|---|---|
| On the briefs: | /s/ Karen T. Nakasone<br>Chief Judge |
| Keith M. Kiuchi,<br>for Defendants-Appellants. | /s/ Clyde J. Wadsworth<br>Associate Judge |
| Zachary K. Kondo<br>(Clay Iwamura Pulice &<br>Nervell),<br>Elizabeth Z. Timmermans<br>(McGuireWoods),<br>for Plaintiff-Appellee Bank<br>of America, N.A. | /s/ Sonja M.P. McCullen<br>Associate Judge |
| Caroline S. Otani,<br>Lisa Strandtman,<br>(Rush Moore),<br>for Defendant-Appellee Bank<br>of Hawaiʻi. | |